## LANE v. MITCHELL. (No. 7643.) *

(Court of Civil Appeals of Texas. San Antonio. Nov. 24, 1926. Rehearing Denied Dec. 22, 1926.)

1. **Attorney and client** ☞130—Client's petition, praying return of attorney's fee and alleging that he compromised test case contrary to agreement, stated cause of action.

Client's petition in action for return of attorney's fee, alleging that attorney compromised test case which he had been employed to prosecute to final judgment, with explicit agreement not to compromise without client's consent, *held* to state cause of action.

2. **Champerty and maintenance** ☞5(6)— Agreement not to compromise suit without client's consent is valid.

Contract between attorney and client that there shall be no compromise of suit without client's consent is valid, such instruction not being contrary to public policy or barratry or otherwise criminal.

3. **Attorney and client** ☞88—Attorney cannot ignore acknowledged employer who paid fees, and cannot receive instructions from others as to her case.

Attorney cannot ignore one whom he acknowledged as employer and who paid fees, and he was unauthorized to receive instructions from others as to her case.

Appeal from Bexar County Court for Civil Cases; McCollom Burnett, Judge.

Action by Mary Mitchell against Ben P. Lane. Judgment for plaintiff, and defendant appeals. Affirmed.

Drew Pruitt, of San Antonio, for appellant. R. P. Coon, of San Antonio, for appellee.

FLY, C. J. Appellee sued appellant to recover a fee paid him as an attorney at law in the sum of $750. The suit was based on a claim that appellee had employed appellant to prosecute a certain suit known as the F. W. Nunn Case in the federal District Court to final judgment, the same to be a test case which would determine the fate of other pending cases. She alleged that she controlled the Nunn Case as his agent, and that

appellant was employed to prosecute it to final judgment and with the firm understanding and explicit agreement that appellant was not to make any compromise in the suit without her consent. It was alleged that he did, without her knowledge or consent, compromise the suit and thus destroyed the judgment as a test in the other cases controlled by appellee.

A general demurrer and 12 exceptions were urged against the petition, and appellant also filed an elaborate answer. The cause, at the instance and request of appellant, was submitted to a jury on special issues, and, in response to the answers thereto, judgment was rendered in favor of appellee for $841.26, amount of principal and interest.

The jury found that on or about May 26, 1923, appellee employed appellant to institute suits and prosecute them to determination or settlement in favor of appellee, F. W. Nunn, R. H. Bullock, and Mr. and Mrs. Elliott against the Naylor-Jones estate, R. L. Ball, executor thereof, and Fowler Bros., but that appellant failed to perform the service which he had agreed to perform without any fault on the part of appellee. The jury also found that appellant agreed to prosecute the Nunn Case to a final determination of its issues, but failed to perform his contract and compromised the Nunn Case without settling its issues, although he had agreed to make it a test case and through a trial of it settle the issues in the other cases, and, contrary to his agreement with appellee, appellant compromised and settled the Nunn Case without her consent. The jury found that appellee paid appellant $875.

[1-3] A brief was filed by appellant of 42 typewritten pages, containing 18 assignments of error and 26 propositions thereunder. The first, second, third, fourth, and fifth assignments of error assail the action of the court in overruling a number of special exceptions, none of which is well taken. The petition set up a cause of action. It showed that appellee was interested in a case involving the same issues as did the Nunn and other cases, and showed that appellee was the agent for Nunn and the other parties plaintiff and had authority to make a contract with appellant as to the prosecution of the causes. No court has ever held that a plaintiff cannot contract with his attorney that there should be no compromise of the suit without his consent. No decision has ever taken the control of his case out of the hands of a plaintiff or his agent and not allowed him absolute control over it. To instruct your lawyer to not compromise cases controlled by you without your consent is not contrary to public policy, is not barratry, nor any other crime. Appellee in her own right and as agent for Nunn and the other parties was the client of appellant, and it became his duty to follow her instructions and execute his contract of employment with her or abandon the cases. She employed him, and he had no client except her. Under the terms of his employment, as proposed in his letter, he acknowledged appellee as his employer and agreed with her as to terms. She paid the fees, and his duty was to her as his client. He had no right or authority to ignore her or to receive instructions from Dr. Nunn or any one else. She was his client, and he should have acted as her attorney. He did not perform the service he contracted for—namely, to make a test case of the Nunn suit. It did not become a test case under the compromise and did not aid the other parties in the prosecution of their suits. Appellant, it seems, obtained from the Nunn family the sum of $2,250 for making a compromise on the basis of a $4,500 judgment in a case in which he had been employed by appellee for a certain fee, and, while he reserved the right to get what he could out of the litigants other than appellee, he took her money and was her attorney.

There seems to be some inconsistency in an attorney seeking to defend against the claims of his client for return of fees which he did not earn by a plea that his client was guilty of barratry in prosecuting the suits in which he undertook to represent her, especially as under the terms of article 430, Rev. Crim. Statutes (Pen. Code) 1925 (421 old Statutes), the attorney would be as guilty as the client. There was, however, none of the elements of barratry in the case.

There is no merit in any of the assignments of error, and the judgment will be affirmed.